IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:15-cr-181(5) |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ELIEZER SOTO-CONCEPCION, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### November 4, 2016

Pending before the Court is Defendant Eliezer Soto-Concepcion's ("Defendant or "Soto-Concepcion") Motion to Suppress Statements ("the Motion") (Doc. 259), filed on August 1, 2016. An evidentiary hearing on the Defendant's Motion was conducted on October 5, 2016, and thereafter the Court received post-hearing submissions. (Docs. 301, 302). For the reasons that follow, the Motion shall be denied.

I.  **BACKGROUND**

Defendant Soto-Concepcion was indicted on August 26, 2015, along with 12 co-defendants. The Indictment contains 21 counts, 3 of which concern this Defendant. All charges pertain to drug distribution, namely cocaine, heroin and crack. On September 8, 2015, Soto-Concepcion appeared before Magistrate Judge Carlson and entered a plea of not guilty to the Indictment. Following a detention hearing, Soto-Concepcion was ordered detained pending trial. (Doc. 153).

## II.     ANALYSIS

### A. Legal Framework

In the instant Motion, the Defendant contends that any statements made by him to the arresting and investigating officers were not made knowingly and intelligently, because the *Miranda* warnings were read to him in the English language by the officers, and the Defendant claims that he does not understand English.  Further, the Defendant contends that his signature on a waiver of rights form (Government Hearing Exhibit 1) is a forgery.  The Defendant thus contends that any statements made by him to the arresting and investigating officers must be suppressed.

It is hornbook law that, prior to being subjected to custodial interrogation, an individual must be advised that 1) he has a right to remain silent; 2) anything he says can be used against him; 3) he has the right to the presence of an attorney; and 4) if he cannot afford an attorney, one will be provided for him if he so desires. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). An individual may waive his *Miranda* rights, but such a waiver must be knowing, voluntary and intelligent. *See Moran v. Burbine*, 457 U.S. 412, 421 (1986).

In determining whether a waiver was voluntary, knowing and intelligent under *Miranda*, courts undertake a two-pronged inquiry.  First, courts consider whether the waiver was voluntary "in the sense that it was the product of a free

and deliberate choice rather than intimidation, coercion or deception." *United States v. Velasquez*, 885 F.2d 1076, 1084 (3d Cir. 1989)(quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)(citation omitted)). Second, courts determine whether the waiver was "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* The burden is on the Government to prove a waiver of rights by a preponderance of the evidence. *Id.* at 1087 (citing *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986)).

The inquiry set forth above requires our consideration of the totality of the circumstances surrounding the interrogation, which includes examining the events that occurred and the background, experience, and conduct of the defendant. *Alston v. Redman*, 34 F. 3d 1237, 1253 (3d Cir. 1994)(citing *Oregon v. Bradshaw*, 462 U.S. 1039, 1046 (1983)(additional citations omitted)). *Miranda* rights are deemed waived when the totality of the circumstances "reveals both an uncoerced choice and the requisite level of comprehension." *Id.* (quoting *Moran*, 475 U.S. at 421)(citations omitted)).

**B. Hearing Testimony**

At the evidentiary hearing, the Court heard testimony from the three officers who interacted with the Defendant on the day of his arrest; Sergeant Brett Hopkins, Detective Lawrence Minnick, and Detective Ryan Mong, all of the Lebanon County Drug Task Force. All three officers testified that the Defendant spoke

English with them, as well as to some children who were present at the time of the Defendant's arrest, and none of the officers had any concerns whatsoever that the Defendant did not understand them. The officers testified that the Defendant followed their commands and appropriately answered the questions posed to him. Further, the officers testified that although the Drug Task Force has *Miranda* waiver forms in Spanish, as well as interpreters available to them, there was nothing in their interactions with the Defendant that caused them to believe the Defendant did not understand the questions and rights being put to him in English. Finally, all three officers testified that they were present and witnessed the Defendant sign the waiver of rights form. During the interview, the Defendant made several inculpatory statements.

 The Defendant also testified at the evidentiary hearing. He denied signing the *Miranda* waiver form and testified that he was unaware of and not provided with his *Miranda* rights by the officers. The Defendant testified that he did not understand any of the officers' questions, except for when Detective Minnick spoke briefly to him in Spanish. The Defendant testified that this was the first time he had ever been arrested, he was upset during the entire series of events, and that he did not remember much from that day.

## C. Discussion

Given the totality of the circumstances before the Court, we find that the Government has met its burden of establishing, by a preponderance of the evidence, that the Defendant knowingly and voluntarily waived his *Miranda* rights prior to making statements to the police following his arrest. In reaching this conclusion, we specifically find the testimony of the three officers to be credible, reasonable, and logical, as well as uniform. It is evident to us that the officers were correctly of the view that the Defendant understood and spoke English sufficiently enough to understand their commands, questions, and the *Miranda* warnings. As the officers themselves noted at the hearing, there were no exigencies surrounding the Defendant's arrest, thus, if time was needed to obtain the services of an interpreter, this would have been done without jeopardizing any part of their investigation. Thus, it strains credulity to suggest that these seasoned officers would purposefully interrogate the Defendant without assuring themselves that he understood the *Miranda* warnings and their subsequent questions.

Further, and notably, we do not find the Defendant's testimony to be credible. Particularly troubling is the Defendant's testimony that the signature of the waiver of rights form is not his, despite the fact that three officers testified that they witnessed the Defendant sign the form in their presence. Given the totality of

the testimony presented at the evidentiary hearing, we reject the credibility of the Defendant's testimony and credit the officers' testimony as truthful.

Accordingly, based on the foregoing analysis, we find that that the Defendant's waiver of his *Miranda* rights was knowing and voluntary, and any statements made by him to the arresting and investigating officers shall not be suppressed.

**NOW, THEREOFRE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Suppress Statements (Doc. 259) is **DENIED**.

s/ John E. Jones III
John E. Jones III
United States District Judge
